TRUYOL *v.* EL REGISTRADOR DE LA PROPIEDAD.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama.

No. 130.—Resuelto en noviembre 26, 1912.

BIENES GANANCIALES—HIPOTECA INSCRITA A FAVOR DE LA ESPOSA—PRESUNCIÓN.—Apareciendo de los libros del registro de la propiedad que un crédito hipotecario fué adquirido por la esposa durante su matrimonio, y no resultando del registro la procedencia del dinero que entregó en hipoteca, hay que presumir que tal crédito hipotecario tiene el carácter de bien ganancial, de acuerdo con los artículos 1316 y 1322 del Código Civil revisado.

DEUDAS DEL MARIDO—ANOTACIÓN DE EMBARGO SOBRE BIENES INSCRITOS A NOMBRE DE LA ESPOSA.—Teniendo la presunción de bien ganancial una hipoteca adquirida por la esposa durante el matrimonio, sin constar del registro la procedencia del dinero prestado con garantía hipotecaria, e inscrita dicha hipoteca en el registro a nombre de la esposa, tal inscripción ha de reputarse a favor de la persona jurídica ''sociedad conyugal'' y no a nombre privativo de la esposa, pues dicha hipoteca no consta del registro que le pertenezca a ella sola, ni tampoco es dueña de la mitad de tal crédito, hasta que no se disuelva la sociedad de gananciales con su marido y se haya hecho la liquidación de la misma.

ID.—ANOTACIÓN DE EMBARGO SOBRE BIENES INSCRITOS A NOMBRE DE LA ESPOSA.—Según el párrafo 1 del artículo 1323 del Código Civil revisado, los bienes de la sociedad de gananciales responden de las deudas y obligaciones contraídas durante el matrimonio por el marido, y también de las deudas contraídas por la mujer en los casos en que pueda legalmente obligar a la sociedad conyugal, y puede por tanto anotarse en el registro sobre un crédito hipotecario inscrito únicamente a favor de la esposa, y considerado como bien ganancial por no constar la procedencia del dinero prestado con dicha garantía hipotecaria, el embargo decretado en una acción dirigida contra el marido para cobrar deudas

y obligaciones contraídas por él durante el matrimonio, pues la inscripción de dicho crédito hipotecario a favor de la esposa, no puede estimarse como una inscripción a favor de persona distinta del marido, sino a favor de la sociedad de gananciales.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. Domínguez Rubio.*

El recurrido compareció en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Para hacer efectivo un aseguramiento de sentencia decretado en pleito seguido por Miguel Truyol Borges contra Alberto E. Vázquez, en cobro de pesos, el márshal de la corte que conocía del asunto libró un certificado de haber embargado un derecho de hipoteca voluntaria constituída a favor de Doña Emilia López de Haro, casada con Don Alberto E. Vázquez.

Presentado ese certificado en el Registro de la Propiedad de Guayama, el registrador negó la anotación del embargo referido, "por aparecer inscrito exclusivamente el derecho de hipoteca embargado a nombre de Doña Emilia López de Haro" y en su lugar tomó anotación preventiva de la denegación. Contra la negativa del registrador se ha interpuesto por el demandante Don Miguel Truyol Borges el presente recurso gubernativo, dentro del término fijado por la ley.

Según el informe del registrador, la inscripción 8ª. de la finca No. 77 del tomo 2 de Guayama, folios 184 y 184 vuelto, hace constar una hipoteca voluntaria sobre dicha finca a favor de Doña Emilia López, casada con Don Alberto Vázquez.

Desde luego que, apareciendo de los libros del registro de la propiedad que Doña Emilia López adquirió tal crédito hipotecario estando casada con Don Alberto Vázquez, y no resultando de ellos la procedencia del dinero que entregó en hipoteca, hay que presumir que tal crédito tiene el concepto de bien ganancial, de acuerdo con los artículos 1316 y 1322 del Código Civil Revisado, aplicados por esta Corte Suprema en los siguientes casos:

*Parra* v. *El Registrador,* 2 D. P. R., 592.

*Blanco* v. *El Registrador,* 5 D. P. R., 52.

*Trilla* v. *Smith,* 7 D. P. R., 15.

*Escalona* v. *El Registrador,* 9 D. P. R., 581.

*Dooley* v. *El Registrador,* 12 D. P. R., 210.

*Després* v. *El Registrador,* 14 D. P. R., 621.

*Boscio* v. *El Registrador,* 14 D. P. R., 624.

*Cot* v. *El Registrador,* 15 D. P. R., 482.

*Feliú* v. *El Registrador,* 16 D. P. R., 766.

De tales antecedentes surge la cuestión de si, para responder de deudas del marido, puede ser anotado en el registro de la propiedad un embargo trabado sobre bienes que aparecen inscritos a nombre de la esposa en concepto de gananciales.

Si bien el crédito embargado en este caso figura inscrito a nombre de la esposa, sin embargo, como se trata de un bien ganancial, tal inscripción ha de reputarse a favor de la persona jurídica sociedad conyugal y no a nombre privativo de ella, ya que no pertenece a ella sola, ni tampoco es dueña de la mitad de tal crédito, pues mientras no se disuelva la sociedad de gananciales con su marido y se haya hecho la liquidación de ésta, no puede llegar a ser dueña de la mitad del líquido que resulte. (Véanse las Resoluciones de la Dirección de los Registros de 2 de diciembre de 1889, 5 de abril de 1893, 7 de junio de 1894, 18 de febrero de 1896 y 29 de abril de 1902.)

En el caso de *Vivaldi* v. *Mariani,* 10 D. P. R., 444, en el que fueron demandados ambos cónyuges, y que ha sido citado con aprobación en el de *Sucesión García* v. *El Registrador de la Propiedad* 16 D. P. R., 781, resolvió esta Corte Suprema que las prescripciones del artículo 1323 del Código Civil Revisado, según las que los bienes gananciales responden de las deudas contraídas por el marido durante el matrimonio, no están limitadas por el artículo 1328 del propio Código que exige el consentimiento expreso de la esposa para

que el marido pueda donar, enajenar y obligar los bienes inmuebles de la sociedad conyugal y que ambos artículos pueden armonizarse, porque cuando se declara que una obligación ha sido contraída por el marido durante el matrimonio, nada ha hecho el esposo que le esté prohibido hacer sin el expreso consentimiento de su consorte, pues es la ley la que requiere que ambos respondan con todos los bienes pertenecientes a la sociedad de gananciales.

Siendo, pues, tal crédito hipotecario de la sociedad de gananciales, y estando a cargo de ésta, según el No. 1º. del artículo 1323 del Código Civil Revisado, las deudas y obligaciones contraídas durante el matrimonio por el marido, y también por la mujer en los casos en que pueda legalmente obligar a la sociedad conyugal, es obvio que si se pretende anotar un embargo sobre ese crédito hipotecario, no puede considerarse a la esposa como persona distinta cuando se trata de cobrar al marido deudas y obligaciones contraídas durante el matrimonio. (Resoluciones de la Dirección de los Registros de 22 de septiembre de 1904 y 20 de septiembre de 1907.)

Así, pues, carece de fundamento el único motivo en que basó el registrador su negativa para hacer la anotación preventiva que se le pidió, por lo que se revoca dicha nota y se ordena la anotación.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.