Hernández, Recurrente, *v.* El Registrador, Recurrido.

Recurso gubernativo contra resolución del Registrador de la Propiedad de Mayagüez.

No. 133.—Resuelto en marzo 11, 1913.

Anotación de Embargo—Deuda Particular de Uno de los Cónyuges—Bienes Gananciales.—Los bienes gananciales no pueden ser embargados por deudas particulares de uno de los cónyuges contraídas con anterioridad al matrimonio.

Id.—Bienes Gananciales—Deudas Hereditarias.—Los bienes gananciales no pueden ser embargados por deudas hereditarias de uno de los cónyuges, al menos que se llenen los requisitos del artículo 1325 del Código Civil.

Los hechos están expresados en la opinión.

El recurrente compareció en nombre propio.

El registrador no compareció.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Habiendo la Corte Municipal de Mayagüez dictado una sentencia a favor de Agustín Hernández Mena y contra Emilio, Manuel, Francisco y Agripina Clotilde Arán Cuascú como herederos de Inocencia Cuascú y Montaz, el ejecutante obtuvo orden de embargo sobre los bienes inmuebles pertenecientes a dos de los mencionados herederos, a saber: Emilio Arán y Cuascú y Francisco Arán y Cuascú. Al ser presentada dicha anotación de embargo para su inscripción en el registro de la propiedad, el registrador denegó la inscripción, haciendo constar su negativa en una nota cuya parte sustancial es como sigue:

"No admitida la anotación de embargo a que se contrae este documento, en cuanto a siete octavas (⅞) partes de la finca, por hallarse inscritas a nombre de Doña Alejandrina Blanco y Ramírez, quien las hubo por título de compra hallándose casada con Don Emilio Arán y Cuascú, que es uno de los demandados; y si bien la adquisición debe entenderse hecha para la sociedad conyugal por haberse verificado a título oneroso durante el matrimonio, sin que del registro aparezca que aquélla se hiciera con dinero exclusivo de dicha señora, la anotación pretendida no puede extenderse porque la deuda que se persigue es *privativa* del Don Emilio y los demás herederos de Doña Inocencia Cuascú, sin que quepa tampoco tomar anotación sobre la mitad ni parte alguna del referido condominio, puesto que en la sociedad legal no puede precisarse si hay o nó gananciales, ni, en caso afirmativo, lo que corresponde a cada cónyuge mientras, por disolución del matrimonio, no se efectúa la liquidación del caudal; habiendo sido indispensable para la práctica de la anotación interesada respecto a dichas ⅞ partes, cuando no otra cosa, que el tribunal, a lo menos, hubiese expresamente autorizado el embargo de tales bienes matrimoniales, después de justificados a su satisfacción los extremos que determina el párrafo 3º. del artículo 1325 del Código Civil; y no admitida tampoco la anotación en cuanto a la octava parte (⅛) restante de la finca embargada, porque si bien se halla registrada a nombre de Don Francisco Arán y Cuascú, que es otro de los demandados, dicho señor efectuó la adquisición por compra durante su matrimonio con Doña Magdalena Zuzuárregui, por lo cual debe reputarse hecha para la sociedad conyugal, y la deuda que se reclama al Don Francisco, al igual de la de Don Emilio, es *puramente privativa* de estos dos últimos y de los demás herederos de Doña Inocencia Cuascú."

El artículo 1325 dice lo siguiente:

"Artículo 1325. El pago de las deudas contraídas por el marido o la mujer antes del matrimonio no estará a cargo de la sociedad de gananciales.

"Tampoco lo estará el de las multas y condenas pecuniarias que se les impusieren.

"Sin embargo, el pago de las deudas contraídas por el marido o la mujer con anterioridad al matrimonio, y el de las multas y condenas que se le impongan, podrá repetirse contra los gananciales después de cubiertas las atenciones que enumera el artículo 1323, si el cónyuge deudor no tuviese capital propio o fuera insuficiente; pero al tiempo

de liquidarse la sociedad se le cargará lo satisfecho por los conceptos expresados.''

No estamos enteramente de acuerdo con el registrador al decir que no puede precisarse si hay o nó gananciales mientras no se disuelva el matrimonio, pues de adoptarse ese criterio, el acreedor de uno de los esposos quedaría privado de todo recurso para el cobro de su crédito, y esto sería además contrario a la jurisprudencia establecida por este tribunal en el caso de *Truyol v. Registrador,* 18 D. P. R., 937, y casos allí citados. Para el acreedor existe siempre un recurso.

Convenimos, no obstante, con el registrador, en que los bienes de la sociedad de gananciales no pueden quedar afectos al pago de deudas contraídas por uno de los esposos con anterioridad al matrimonio e independientemente de la sociedad conyugal, hasta tanto no sea disuelto el matrimonio ya por muerte de uno de los esposos o por otra causa, o mientras no se establezca el debido procedimiento ante la corte por virtud del cual quede verificada la separación de los referidos bienes o pueden los mismos quedar sujetos al pago de deudas que han sido contraídas individualmente por los esposos, según determina y exige el artículo 1325 del Código Civil. No se ordenará que los mencionados bienes queden de tal modo separados o sujetos al pago de las referidas deudas, según lo determina y exige el artículo 1325, hasta que no se haya probado que el cónyuge deudor no tiene capital propio de qué responder y se hayan cubierto las demás atenciones de dicha sociedad de gananciales.

En el presente caso las dos deudas de referencia se originaron en el caudal de Inocencia Cuascú. Probablemente los herederos entraron en posesión de los bienes sin beneficio de inventario, pero haya o nó ocurrido esto, la participación que pueda tener cualquiera de dichos herederos sobre los bienes que existen en una sociedad de gananciales, no podrá ser ejecutada o decretarse un embargo contra la misma, sin que se demuestre que tal persona no tiene bienes propios o se cumpla

de alguna otra manera con los demás requisitos del artículo 1325.   Debe confirmarse la nota del registrador.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.