CLEMENTE JAVIERRE, recurrente, v. EL REGISTRADOR DE SAN GERMÁN, recurrido.

No. 683.—*Sometido*: Mayo 26, 1927. *Resuelto*: Mayo 31, 1927.

1. MARIDO Y MUJER—ACCIONES—ACCIONES CONTRA UNO O CONTRA AMBOS CÓNYUGES—PARTES.—En una acción personal para recobrar el importe de un pagaré firmado por el esposo, no debe incluirse como parte a la esposa.

2. MARIDO Y MUJER—BIENES (DE LA SOCIEDAD LEGAL DE) GANANCIALES—DEUDA CONTRAÍDA POR EL MARIDO COMO ADMINISTRADOR DE LA SOCIEDAD—PAGARÉS.—El que un esposo esté impedido de hacer ciertas operaciones sin el consentimiento de la esposa no afecta su responsabilidad de ser demandado fundado en un pagaré firmado por él como administrador de la sociedad de gananciales.

3. EJECUCIÓN—VENTA—TRASPASO AL COMPRADOR—INSCRIPCIÓN—DENEGATORIA DE LA INSCRIPCIÓN—VENTA OTORGADA EN ACCIÓN PERSONAL CONTRA EL ESPOSO —ESPOSA NO INCLUÍDA COMO PARTE.—Una venta otorgada por el márshal en acción personal seguida contra un esposo en cobro de un pagaré firmado por él, no deja de ser inscribible porque la esposa no fuera incluída en dicha acción como parte.

4. EJECUCIÓN—VENTA—TRASPASO AL COMPRADOR—FORMA Y CONTENIDO—MANIFESTACIONES EN LA ESCRITURA—ANUNCIO DE LA VENTA.—La manifestación en escritura de venta otorgada por el márshal en ejecución de sentencia de que el márshal había anunciado en debida forma que vendería en pública subasta es suficiente para los fines de dicha escritura.

NOTA de *L. Capó Matres,* R. (San Germán), negando inscripción de una venta efectuada por un márshal. *Revocada.*

*J. Sabater,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Convenimos con el recurrente en que las varias razones que tuvo el registrador para negarse a inscribir la venta efectuada por un márshal a consecuencia de un pleito entablado contra el esposo únicamente, deben reducirse a una, o sea, que en una acción personal para recobrar el importe de un pagaré firmado por el esposo debe incluirse como parte a la esposa. No podemos estar de acuerdo con el registrador.

Los varios artículos del Código Civil, como el 159, 1316 y 1328, que impiden que un esposo haga ciertas operaciones sin el consentimiento de su esposa, no pueden afectar su responsabilidad a ser demandado por un tercero, fundado en un pagaré firmado por el esposo como administra

dor de la sociedad de gananciales. El caso de *Hernández v. Registrador,* 22 D.P.R. 643, no está en conflicto con esta conclusión. En dicho caso estaba envuelto un pleito contra una esposa, sin demostrarse la responsabilidad especial de ella. La cita de *Truyol* v. *Registrador,* 18 D.P.R. 937, que se hace en dicha opinión, demuestra que no nos estábamos desviando de los preceptos del artículo 1323 del Código Civil que hace responsable a la sociedad de gananciales de las deudas contraídas durante el matrimonio por el marido. Según el artículo 1327 éste es el administrador de la misma.

El Registrador también halló la venta defectuosa en vista de que en la escritura no aparecía certificación alguna de que el márshal hubiera publicado los edictos requeridos por el artículo 251 del Código de Enjuiciamiento Civil en su segundo párrafo. En la escritura se decía que el márshal había anunciado en debida forma que vendería en pública subasta. Si esto estaba erróneamente expresado, el deudor tenía derecho a pedir la nulidad, pero resolvemos que tal manifestación es suficiente para los fines de la escritura.

*Debe revocarse la nota recurrida y ordenarse la inscripción.*