PEDRO BEAUCHAMP, recurrente, *v.* REGISTRADOR DE LA
PROPIEDAD DE MAYAGÜEZ, recurrido.

Núm. 1019.—*Sometido:* Abril 9, 1938. *Resuelto:* Mayo 25, 1938.

*Pedro Beauchamp*, por su propio derecho; el registrador recurrido
compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del
tribunal.

El registrador de la propiedad se negó a inscribir la escritura de venta otorgada por el márshal de una propiedad vendida en ejecución para satisfacer una sentencia en cobro de dinero dictada contra un hombre casado. El registrador basó su nota en los siguientes motivos:

" . . . por observarse que la finca vendida en pública subasta aparece inscrita en este Registro en la siguiente forma: Un condominio de una mitad privativamente a favor de Paula Sandoval, por título de herencia, y la otra mitad a favor de Arturo Vázquez y su esposa Paula Sandoval y apareciendo de los autos originales del pleito que ha motivado esta venta y cuyos autos se han tenido a la vista, que la sentencia en este caso fué dictada declarando sin lugar la demanda en todas sus partes expresamente en cuanto a la demandada Paula Sandoval concierne, y con lugar en cuanto al demandado Arturo Vázquez y habiéndose vendido todo el derecho, título e interés que el demandado Arturo Vázquez tenga en esta finca a favor del demandante Pedro Beauchamp, no es inscribible dicha venta porque la sentencia sólo puede hacerse efectiva en bienes privativos del demandado Arturo Vázquez, y la inscripción que se pretende a favor del comprador equivaldría a transferir el condominio pri-

vativo de·la esposa del demandado Paula Sandoval, cuando a ella se le absolvió de la demanda, no pudiéndose inscribir tampoco el título en cuanto al condominio 'que ambos demandados tienen en la finca por título de gananciales porque equivaldría a una división de comunidad de la sociedad de gananciales que no puede realizarse por medio de la inscripción que se pretende, no constando que dicha sociedad se haya disuelto. Inscrita en dominio y afecta a varias cargas.''

En *Sucesión García* v. *Registrador,* 16 D.P.R. 781, este tribunal resolvió, conforme se dice en el sumario, que:

''Mientras no se disuelva y liquide la sociedad de gananciales, la mujer no adquiere participación alguna en los bienes de la misma que pueda estar sujeta a embargo o ejecución por deudas u obligaciones de carácter particular, que no sean de aquéllas por las cuales puede obligar los bienes de la sociedad, de acuerdo con el artículo 1323 del Código Civil.''

En *Hernández* v. *Registrador,* 19 D.P.R. 274, este tribunal dijo:

''No estamos enteramente de acuerdo con el registrador al decir que no puede precisarse si hay o no gananciales mientras no se disuelva el matrimonio, pues de adoptarse ese criterio, el acreedor de uno de los esposos quedaría privado de todo recurso para el cobro de su crédito, y esto sería además contrario a la jurisprudencia establecida por este tribunal en el caso de *Truyol* v. *Registrador,* 18 D.P.R. 937, y casos allí citados. Para el acreedor existe siempre un recurso.

''Convenimos, no obstante, con el registrador, en que los bienes de la sociedad de gananciales no pueden quedar afectos al pago de deudas contraídas por uno de los esposos con anterioridad al matrimonio e independientemente de la sociedad conyugal, hasta tanto no sea disuelto el matrimonio ya por muerte de uno de los esposos o por otra causa, o mientras no se establezca el debido procedimiento ante la corte por virtud del cual quede verificada la separación de los referidos bienes o pueden los mismos quedar sujetos al pago de deudas que han sido contraídas individualmente por los esposos, según determina y exige el artículo 1325 del Código Civil. No se ordenará que los mencionados bienes queden de tal modo separados o sujetos al pago de las referidas deudas, según lo determina y exige el artículo 1325, hasta que no se haya probado que

el cónyuge deudor no tiene capital propio de qué responder y se hayan cubierto las demás atenciones de dicha sociedad de gananciales.

"En el presente caso las dos deudas de referencia se originaron en el caudal de Inocencia Cuascú. Probablemente los herederos entraron en posesión de los bienes sin beneficio de inventario, pero haya o no ocurrido esto, la participación que pueda tener cualquiera de dichos herederos sobre los bienes que existen en una sociedad de gananciales, no podrá ser ejecutada o decretarse un embargo contra la misma, sin que se demuestre que tal persona no tiene bienes propios o se cumpla de alguna otra manera con los demás requisitos del artículo 1325."

En el presente caso Vázquez y su esposa fueron demandados en una acción en cobro de dinero. Luego de un juicio en los méritos, el juez municipal desestimó la demanda en cuanto a la esposa y dictó sentencia contra el marido. Nada hay que demuestre que los demandantes trataran de hacer que "los bienes de la sociedad de gananciales" respondieran de una deuda privativa de uno de los cónyuges. No hubo embargo ni venta de la propiedad conyugal como tal. Los únicos bienes embargados o vendidos fueron todo derecho, título e interés que el demandado, Arturo Vázquez, tenga en la finca. En verdad, semejante embargo y venta no podían afectar en forma alguna los bienes privativos de la esposa. Los únicos dos casos citados por el registrador en apoyo de su nota son *Sucesión García* v. *Registrador,* supra, y *Hernández* v. *Registrador,* supra. Estos casos no van tan lejos como el registrador desearía que fuésemos.

El presente recurso cae dentro del principio sentado en *Truyol* v. *Registrador,* supra. Véanse también *Bank of Nova Scotia* v. *Carle Dubois,* 52 D.P.R. 704; *Carle Dubois* v. *Benítez,* 46 D.P.R. 188; *Banco Español de P. R.,* v. *Bolívar,* 7 D.P.R. 66, 86.

*Debe revocarse la nota recurrida y ordenarse la inscripción solicitada.*