MATHEU, DEMANDANTE Y APELADO, *v.* MURILLO ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre rescisión de contrato en fraude de acreedores y daños y perjuicios.

No. 1554.—Resuelto en junio 1, 1917.[1]

RESCISIÓN DE CONTRATO—FRAUDE DE ACREEDORES—SENTENCIA CONTRA UNO DE LOS CÓNYUGES—SOCIEDAD DE GANANCIALES.—Dirigida una acción en cobro de pesos únicamente contra la mujer, y pronunciada sentencia condenatoria contra ella, no puede pedirse y decretarse la rescisión de la venta de una propiedad llevada a efecto con posterioridad por la sociedad de gananciales de la cual forma parte dicha mujer, bajo el fundamento de que existe la presunción de que lo fué para defraudar al acreedor, porque la sociedad de gananciales es una entidad distinta que no quedó obligada por la sentencia. En tal virtud, no es aplicable a dicha venta la disposición contenida en el artículo 1264 del Código Civil.

BIENES GANANCIALES — BIENES PRIVATIVOS — EDIFICIO CONSTRUÍDO DURANTE EL MATRIMONIO EN SUELO PROPIO DE UNO DE LOS CÓNYUGES.—De acuerdo con la prescripción terminante del artículo 1319 del Código Civil, un solar perteneciente a uno de los cónyuges adquirido antes del matrimonio, deja de ser un bien privativo, cuando, ya celebrado el matrimonio, la sociedad de gananciales fabrica en él un edificio.

Los hechos están expresados en la opinión.

---

[1] En junio 21, 1917, denegada reconsideración.

Abogado de los apelantes: *Sr. Manuel Tous Soto.*

Abogados del apelado: *Sres. R. Sánchez Montalvo y E. P. Gibson.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un caso sobre rescisión de contrato celebrado en fraude de acreedores y daños y perjuicios. En la demanda se alegó, en resumen, que el demandante era dueño de cierta participación en un hotel establecido en Ponce y la vendió a la demandada Rosalía Murillo, casada con el demandado Rosaly; que no se pagó el precio estipulado y el demandante inició un pleito contra la dicha Rosalía Murillo para su cobro que se falló a su favor el 29 de mayo de 1913, notificándose la sentencia a la demandada el 30 del mismo mes; que al tratar de hacer efectiva su sentencia, resultó que la demandada no tenía bienes; que cuando la demandada compró al demandante su participación en el hotel, era dueña con su derecho inscrito en el registro, de una casa y solar radicados en la calle del Comercio de la ciudad de Ponce, que se describen; que con conocimiento de la deuda, de la sentencia recaída en contra de la demandada Murillo y de que ésta quedaba insolvente, su madre la demandada Berdeguez de mala fe y en connivencia con su hija para defraudar los derechos del demandante, compró a aquélla la casa y el solar indicados, por escritura de 5 de septiembre de 1913; que como consecuencia del traspaso, la demandada Murillo quedó insolvente; que el demandante con motivo de este asunto tuvo que hacer viaje e incurrió en gastos con perjuicio de sus intereses, y que carece de todo otro recurso legal para obtener la reparación que se le debe.

Los demandados excepcionaron la demanda porque a su juicio no aducía hechos suficientes para determinar una causa de acción, y declarada la excepción sin lugar, la contestaron negando general y específicamente todos y cada uno de sus hechos.

Celebrada la vista, la corte dictó sentencia en favor del demandante y los demandados entonces interpusieron el presente recurso de apelación.

Uno de los motivos del recurso es el de que la corte de distrito "erró al declarar que la casa vendida por doña Rosalía Murillo venía afectada al pago de la sentencia recaída contra ésta." El tribunal ha examinado cuidadosamente las alegaciones y las pruebas y se ve obligado a concluir que tal error existe y, por tanto, que debe revocarse la sentencia recurrida.

Según se alegó en la demanda y se probó en el juicio, el demandante vendió su participación en el hotel a la demandada Murillo. Cuando ejercitó la vía judicial para cobrar el precio de dicha venta, dirigió su acción únicamente contra la dicha demandada, y fué ésta la condenada por la sentencia de 29 de mayo de 1913.

La venta de la finca urbana cuya rescisión se pidió por el demandante y se decretó por la corte, no se llevó a efecto por la demandada Murillo personalmente, sino por la sociedad de gananciales formada por Joaquín Rosaly y su esposa, la demandada Murillo, que era una entidad distinta que no había quedado obligada por la sentencia de 29 de mayo de 1913. No cabe, en tal virtud, aplicar a dicha venta la disposición contenida en el artículo 1264 del Código Civil.

Y no se diga que el solar en que se construyó la casa vendida era un bien privativo de la demandada Murillo. Lo fué en efecto por haberlo ella adquirido antes de su matrimonio con Rosaly, pero dejó de serlo cuando, ya celebrado el matrimonio, la sociedad de gananciales fabricó en él la casa, de acuerdo con la prescripción terminante del artículo 1319 del Código Civil.

Debe revocarse la sentencia recurrida y declararse la demanda sin lugar.

*Revocada la sentencia apelada y declarada sin lugar la demanda.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.