NADAL, RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán denegando la inscripción de una venta judicial.

No. 518.—Resuelto en junio 20, 1923.

INSCRIPCIÓN DE TÍTULO—HIPOTECA—EJECUCIÓN—TRASPASO DE TÍTULO—PARTES.— Para que en el registro pueda traspasarse al acreedor hipotecario un título válido, es necesaria primero la ejecución de la hipoteca por los dueños de

la misma ante alguna corte que tenga poder y autoridad para expedir la orden de requerimiento de pago al tiempo de dictarse ésta; pero ni un notario, ni el registrador, ni ambos conjuntamente, asistidos del acreedor hipotecario y de abogados, pueden efectuar el mismo resultado mediante el otorgamiento e inscripción de algún documento público en que no sea parte el dueño de la finca hipotecada.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. A. A. Vázquez.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Este caso es en ciertos respectos típico en su clase y puede servir para llamar la atención acerca de una condición que solamente puede ser corregida por la acción legislativa.

Un gran número de controversias que va aumentando y que envuelven sumas de dinero demasiado insignificantes para despertar el interés de un abogado, toman gran parte del tiempo de esta corte y por necesidad requieren a menudo gran consideración con perjuicio de otros asuntos de mucha más importancia para las partes directamente interesadas.

El documento cuya inscripción fué denegada en este caso, tiene por objeto, entre otras cosas, verificar un traspaso al alegado actual dueño de una finca por la suma de $50.

Este es el segundo recurso. Véase el caso de *Nadal* v. *El Registrador,* 30 D. P. R. 77.

El alegato de la recurrente no suministra ninguna luz sobre las verdaderas cuestiones envueltas, y el Registrador no ha radicado alegato.

La recurrente, por supuesto, no tendría ningún motivo de queja si fuera confirmada la nota recurrida sin resolverse sobre sus méritos, pero la corrección de esa resolución no era por sí tan evidente que pudiéramos llegar a un acuerdo sobre tal proceder. De ahí que se hacía necesario consignar alguna opinión. Un número de cuestiones que están más o menos envueltas, en manera alguna están libres de difi-

cultád.  Nuestras decisiones en asuntos de esta naturaleza
son tenidas en cuenta por las partes que negocian con bienes
inmuebles y a su tiempo se convierten en reglas sobre la pro-
piedad.  De ahí que se requiera el ejercitar algún cuidado
para llegar a conclusiones, y un caso en el cual las partes que
comparecen ante esta corte tienen poco o ningún interés,
a menudo requiere y por necesidad exige un grado de cui
dado y consideración que está fuera de toda proporción a
su valor intrínseco.

Cualquiera excusa que pueda exigir este prólogo puede
verse en el párrafo inicial.

Y de paso podemos agregar que al considerar tal situa
ción cumplimos mejor con nuestro deber procurando concien-
zudamente evitar en todo lo que sea posible, el establecer
inconscientemente precedentes falsos que puedan inducir a
error, más bien que tratando de resolver en cualquier caso
determinado sin la ayuda de abogados todas las cuestiones
envueltas.

En el presente caso el registrador se negó a inscribir una
escritura otorgada por el márshal de una Corte de Distrito
como consecuencia de un procedimiento sumario de hipoteca
instituído por la compradora Cristina Carrión y Otero, como
acreedora hipotecaria y dueña única del gravamen.  Este
documento representa al propio tiempo un traspaso simul-
táneo hecho por la referida compradora y su hija María Na-
dal y Carrión a favor de un tercero Gonzalo Arán y Soler.
En dicho traspaso la hija, como condueña del crédito hipo-
tecario, si bien no era parte en los procedimientos hipote-
carios, se compromete a ratificar y aprobar el acto no auto-
rizado de la referida madre; y por la teoría de una confu-
sión de derechos, convienen ambas en la cancelación de la hi-
poteca en el registro.  La hipoteca fué constituída en garan-
tía de un préstamo hecho de los fondos gananciales por la
madre como primitiva acreedora hipotecaria, en vida de su

esposo, quien falleció con anterioridad al establecimiento de los procedimientos hipotecarios. Por virtud de esto una participación, una mitad indivisa en el crédito hipotecario fué adquirida por la hija, con sujeción al derecho de usufructo de la viuda, quien por supuesto conservó su dominio sobre la otra mitad como sobreviviente en la sociedad conyugal. Estos y otros detalles se hacen constar todos ampliamente en la pretendida doble venta que fué presentada para ser inscrita primero a nombre de la madre y de la hija, como condueñas de la finca en cuestión y luego a nombre de Gonzálo Arán como comprador de las mismas.

La nota recurrida es la siguiente:

"Denegada la inscripción del documento que precede, que es la escritura número 19, otorgada en Mayagüez a 10 de febrero de 1921, ante el notario Angel A. Vázquez y Sánchez, con vista del otro, y en cuanto a la venta judicial de la finca ejecutada que el mismo comprende a favor de Cristina Carrión y Otero, y al derecho dominical que sobre la misma se atribuye Carmen María Nadal y Carrión, por la razón siguiente: porque apareciendo del Registro que el crédito hipotecario ejecutado se halla inscrito en común *pro indiviso* a favor de las mencionadas señoras por título de gananciales, legado, usufructo y herencia testada, y del documento presentado aparece que la venta judicial de esta finca a virtud de la referida ejecución se hizo por el Márshal exclusivamente a favor de la primera de dichas condueñas, la que exclusivamente también tramitó la referida ejecución, resulta, por tanto, que no es válida dicha venta en cuanto a la segunda condueña por no haber ésta intervenido en esa ejecución; y aunque la ratifica y convalida en todas sus partes por dicho documento, tal ratificación y convalidación no destruye el hecho de la nulidad del procedimiento ejecutivo, porque así aparece de su faz y de los libros del Registro; y se deniega por igual razón la cancelación solicitada, que se basa en el supuesto de la consolidación de los derechos de hipoteca y de dominio en las mismas personas, y en lugar de la inscripción solicitada se ha extendido anotación preventiva durante el término legal de 120 días a favor de las mencionadas señoras, al folio 142 del tomo 25 de Maricao, finca número 404 duplicado, anotación letra "f." Igualmente se deniega la inscripción del referido documento en cuanto a la venta que le hacen

las predichas señoras a Gonzalo Arán y Soler, por la razón de que no está inscrita dicha finca y sí anotada a favor de las vendedoras.''

La recurrente hace gran insistencia en el hecho de que la participación de la hija, aunque fué adquirida con anteriori-dad al comienzo de los procedimientos en ejecución de hipo-teca, no fué inscrita hasta después del otorgamiento de la escritura del márshal. Esa circunstancia puede explicar por qué la corte procedió sin exigir que la hija fuera hecha parte. El interés existente en la hija, si era conocido de futuros compradores en la venta, puede explicar el hecho de que una plantación de café con una casa de vivienda y compuesta de 50 cuerdas más o menos sólo produjo $152 que habían de abonarse a la obligación total de $840. Y puede ser que la omisión en inscribir la prueba del título por parte de la hija, o el mencionar su derecho en la alegación inicial, sir-viera para ocultar la verdad al demandado y privarle de la oportunidad que pudo haber tenido, de acuerdo con las dis-posiciones estrictas de la Ley Hipotecaria, para llamar la atención de la corte al verdadero carácter de la situación. O si asumimos que las disposiciones citadas en último término era un verdadero impedimento en este sentido, entonces la impertinencia de tal acción también puede ser suficiente para eliminar cualquier cuestión de renuncia por dejar de opo-nerse por el fundamento de un defecto de partes demandan-tes. De todos modos no vemos qué beneficio reporta a la recurrente la mera demora en inscribir el título de la hija en el registro.

El artículo 128 de la Ley Hipotecaria prescribe que las diligencias judiciales previas de la subasta consistirán en ''la presentación *por el acreedor* de un escrito al juez de la corte o tribunal competente del lugar en que radican los bie-nes.''

Y el artículo 169 del Reglamento dice en parte lo si-guiente:

"Con el escrito inicial del procedimiento se han de presentar:

"1.—Los comprobantes de la personalidad, inclusos los que acreditan el mandato del procurador, cuando no gestione por sí el mismo acreedor o su legal representante."

Véase también el tomo 16 de R. C. L. pág. 7, sección 3, y el caso de *Polanco* v. *Goffinet,* 29 D. P. R. 120; 27 Cyc. 1520, 1562; *Bausman* v. *Kelly,* 36 N. W. 333; *Vázquez* v. *Valdés,* 28 D. P. R. 467; *J. Ochoa Hermano* v. *J. González, Clemente & Cía.,* 29 D. P. R. 1015.

En un procedimiento ordinario de ejecución establecido por la esposa, tal vez el demandado que no excepciona la demanda podría considerarse que ha renunciado a que no se haga parte al esposo. Pero a un demandado no se permite excepcionar la alegación inicial en un procedimiento ejecutivo sumario. No deja de haber casos en los cuales, como en el de *Polanco* v. *Goffinet, supra,* y en el de *Díaz* v. *Llompart,* que acaba de fallarse, se haya llamado la atención de la corte a los defectos o alegados defectos, que son aparentes de la faz de los autos. Pero puede muy bien dudarse si puede encontrarse un caso en el cual el juez que autorizó la expedición de un requerimiento de pago ha reconsiderado tal actuación, y esto a pesar del hecho de que se concede una apelación al acreedor hipotecario en ciertas circunstancias mientras que el deudor no tiene ninguna. En perfecta armonía con la letra y el espíritu de la Ley Hipotecaria, las cortes sentenciadoras se inclinan mucho como cuestión corriente a dejar al deudor hipotecario que siga su acción de daños y perjuicios y al acreedor que conteste en ella sobre cualquier falsa representación o negligencia en las alegaciones contenidas en su demanda de ejecución.

Pero no hay ninguna pretensión en el presente caso de que la esposa compareció con capacidad representativa alguna. Ni trató ella de ejecutar únicamente su porción indivisa. El deudor fué requerido a pagar la suma total de

la deuda dentro del término de treinta días al demandante en los procedimientos de ejecución como único dueño de la hipoteca, bajo apercibimiento de una venta judicial de su propiedad en el caso de algún incumplimiento de su parte. Si él sabía, como probablemente supo, que el esposo había muerto y que el demandante había ocultado a la corte la existencia de un derecho pendiente por parte de la hija, no constituiría defensa alguna una revelación de estos hechos. Sin embargo, si él hubiese pagado a la madre teniendo conocimiento del importe de su participación, tal pago no valdría en una acción subsiguiente seguida por la hija que no era parte en el procedimiento ejecutivo y cuyo derecho no podía en manera alguna ser afectado por ello.

A esto no se contesta con decir que la hija desde entonces ha ratificado el procedimiento de ejecución. Su interés en la hipoteca no fué ejecutado, porque ella no era parte en en el procedimiento y no se hizo jamás ningún requerimiento legal al deudor para el pago de la cantidad que a ella se le debía. Y por la misma razón tal deudor no tenía la obligación de honrar el requerimiento de pago no autorizado de toda la obligación hecho a instancia del dueño de una participación indivisa en la misma, haciéndose ella pasar o a lo sumo una sociedad conyugal que entonces ya no existía, como la verdadera parte interesada.

No hay nada que indique que la hipoteca en cuestión era una escritura de hipoteca con permiso de vender para beneficio del acreedor (*deed of trust*) o una venta con pacto de retro una vez que se reintegrara el precio de venta. El deudor hipotecario retuvo el título legal a la propiedad hipotecada y de ese título sólo podía ser privado mediante una acción en ejecución del gravamen establecida por el dueño del mismo o el representante de tal dueño debidamente autorizado. La hija, después de la susodicha venta, no podía ejecutar su participación *nunc pro tunc* por el solo hecho de com-

parecer ante un notario y ratificar lo que había sido hecho por la madre, no a nombre de ella misma y de la hija, ni siquiera a nombre de la extinguida sociedad conyugal, sino a su propio nombre como única y exclusiva dueña de la hipoteca. Sostener otra cosa traería por consecuencia el privar a un demandado de su propiedad sin el debido proceso de ley.

La inscripción de cualquiera de las escrituras en cuestión necesariamente envolvería la cancelación por confusión del título inscrito del demandado. Ese título puede ser traspasado a los acreedores hipotecarios por virtud de la inscripción únicamente después de la ejecución de la hipoteca por los dueños de la misma en alguna corte que tenga la facultad y autoridad de expedir el requerimiento de pago en la fecha en que la orden se registre. Ni un notario ni el registrador, ni ambos conjuntamente, con el auxilio de los acreedores hipotecarios y abogados pueden alcanzar este resultado por el otorgamiento e inscripción de ningún documento público en el cual no es parte el dueño de la propiedad hipotecada.

Procede agregar que estas teorías no descansan en ninguna ulterior investigación del asunto en cuestión, y por tanto son en cierto modo probatorias y sujetas a tal modificación o revisión en detalle como lo exijan las circumstancias que puedan sobrevenir. Pero mientras alguna razón más satisfactoria de la que ha sido sugerida por la recurrente en este caso se demuestre, estamos obligados a resolver que el registrador no cometió error en la calificación recurrida, la cual debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.