ANGELA A. OLIVO, demandante y apelada, *v.* FRANCISCO ARRIVÍ, demandado y apelante.

No. 4424.—*Visto:* Junio 1, 1928. *Resuelto:* Julio 26, 1928.

*E. González Mena,* abogado del apelante; *R. Rivera Zayas,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En este caso, la demanda fué presentada a nombre de Angela A. Olivo contra Francisco Arriví, y en las alegaciones se expresa que Angela Olivo y el demandado tuvieron relaciones amorosas por espacio de dos años allá por el 1913, y que como resultado de dichas relaciones nació, el 24 de junio de 1915, un niño que fué inscrito con el nombre de Francisco y como hijo natural de la demandante; que el demandado siempre tuvo a dicho menor como su hijo, atendiendo a la demandante en su embarazo, pagándole los servicios de una comadrona para asistirla en el parto, y que luego ha tenido al niño en la posesión continua del estado de hijo natural, llamándole ''hijo,'' teniéndole como tal públicamente y pasándole treinta dólares mensuales para sus necesidades. Y se pide que se declare que el dicho menor es hijo natural reconocido del demandado y con derecho a llevar su nombre.

El demandado presentó excepciones previas por defecto de parte demandante en el caso y por falta de hechos suficientes para determinar causas de acción, y luego en la contestación a la demanda negó los hechos esenciales de la misma, como las relaciones amorosas con la demandante, la procreación del niño a que la misma se refiere, y los actos de reconocimiento que se le atribuyen.

La corte dictó sentencia declarando con lugar la demanda y declarando que el niño Francisco es hijo natural reconocido del demandado Francisco Arriví. Contra esta sentencia se ha interpuesto el presente recurso.

Examinando las alegaciones en este caso, se ve, desde luego, que la demanda ha sido interpuesta a nombre de Angela A. Olivo por sí misma, y no en representación de su hijo. La sentencia recaída declara un derecho en favor del niño Francisco, que no es demandante en este caso, ni parte en el mismo en ningún concepto. De acuerdo con el artículo 51 del Código de Enjuiciamiento Civil vigente en Puerto Rico, toda acción debe seguirse en nombre de la parte realmente interesada, excepto en aquellos casos expresamente previstos por el código.

Asimismo, de acuerdo con el artículo 188 del mismo Código de Enjuiciamiento Civil, una sentencia es la decisión definitiva sobre los derechos de las partes en un pleito o procedimiento.

Cuando se trata del ejercicio de una acción que favorece a un menor que por sí no puede presentarse en corte y deducir acción alguna, es indudable que, con arreglo al artículo 223 del Código Civil, el padre o la madre con patria potestad sobre dicho menor debe representarlo en el ejercicio de todas las acciones que puedan redundar en su provecho.

En este caso sólo se ha citado al menor en la demanda, desde el punto de vista de ser el resultado de las alegadas relaciones entre la demandante y el demandado; pero la acción no se ejercita en su nombre.

Indudablemente, la demanda no aduce hechos suficientes para determinar una causa de acción de filiación, en la forma que esa demanda está redactada, porque la que ejercita la acción no tiene derecho alguno a la filiación.

Existe además el defecto de parte demandante, ya que para nada comparece el menor ni nadie a su nombre.

Las excepciones previas opuestas en este caso debieron ser declaradas con lugar, y dictarse sentencia que, ajustándose a la ley, hubiera decidido los derechos entre las partes, que como tales aparecían ante la corte, y no los de una tercera persona que no estaba ante la corte en ningún concepto.

*Debe revocarse la sentencia apelada.*

El Juez Asociado Sr. Hutchison disintió.