Santini Fertilizer Co., demandante y apelante, *v.* Gerardo y Ruperta Flores, demandados y apelados.

No. 5329.—*Sometido:* Diciembre 15, 1931. *Resuelto:* Mayo 13, 1932.

*Rafael Buscaglia,* abogado de la apelante; *José Soto Rivera,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La Santini Fertilizer Co. obtuvo sentencia por un pagaré otorgado por Gerardo Flores y su hermana Ruperta Flores, una mujer casada, esposa de José Juliá Marín. Una apelación de esta sentencia fué desestimada por frívola en enero de 1930. *Santini Fertilizer Co.* v. *Flores,* 40 D.P.R. 407.

El presente recurso se ha entablado contra una orden anulando un embargo trabado sobre ciertos bienes raíces como propiedad de la demandada Ruperta Flores. Bajo un señalamiento general que ataca la jurisdicción de la corte, la apelante sostiene:

Primero, que la demandada Ruperta Flores no tenía derecho ni capacidad para presentar la reclamación de la sociedad de gananciales.

Segundo, que un demandado no puede alegar los derechos de una persona ajena al pleito, ni obtener una declaración de tales derechos.

Tercero, que en una moción para dejar sin efecto un embargo, no puede determinarse el título o los derechos de propiedad de un extraño al procedimiento.

Cuarto, que una declaración previa en juicio declarativo que determinase el título sobre las fincas era un requisito previo para que pudiera dictarse una resolución sobre una moción para anular el embargo.

Quinto, la demandante ha sido privada por la orden recurrida de sus derechos adquiridos sin el debido proceso de ley.

La argumentación de la apelante es una elaboración de estos cinco puntos. Las únicas autoridades citadas son el artículo 161 del Código Civil y el caso de *Olivo* v. *Arriví,* 38 D.P.R. 717.

El caso de *Olivo* v. *Arriví* no arroja mucha luz sobre ninguna de las cuestiones sugeridas.

De la exposición del caso aparece que sólo dos de estas cuestiones fueron suscitadas en la corte inferior y que se presentaron oralmente. Fueron: Primera, si la corte tenía potestad de considerar el derecho de propiedad a los bienes embargados cuando la misma se presentaba en una moción para dejar sin efecto un embargo, sin que se hubiese entablado acción ordinaria alguna para dilucidar esa cuestión; y, segunda, si no siendo la esposa la representante legal de la sociedad conyugal—que era extraña a la acción—tenía capacidad para solicitar la anulación del embargo.

El artículo 161 del Código Civil en que se funda la apelante lee como sigue:

"El marido es el representante legal de la sociedad conyugal.

"La mujer puede por sí contratar y comparecer en juicio para lo que se refiera a la defensa de sus derechos o de sus bienes propios, al desempeño de la patria potestad, a la tutela o administración que le confiera la ley y al ejercicio de una profesión, cargo u ocupación."

El artículo 55 del Código de Enjuiciamiento Civil provee, sin embargo, que:

"Si marido y mujer fuesen demandados juntos, la mujer podrá defender su propio derecho, y si el marido dejare de defenderse ella podrá defender también el derecho de éste."

Es cierto que en el caso de autos marido y mujer no fueron demandados juntos. Sin embargo, cuando se embargaron bienes gananciales como de la propiedad privativa de la esposa, el marido, o la sociedad conyugal, adquirieron interés en ese aspecto del caso, aunque ni la una ni el otro habían sido designados como partes demandadas. Puede admitirse que la mejor práctica hubiera sido que el esposo instase una reclamación sobre el título como representante legal de la sociedad de gananciales. Quizá el juez de distrito debió desestimar la moción presentada por la esposa. No se infiere de eso que deba revocarse la resolución.

La contestación se refiere varias veces al nexo existente entre la demandada Ruperta Flores y su abogado José Juliá Marín, y contiene la siguiente alegación específica:

"Alega la demandada que ella es casada y lo ha sido desde el año 1909, con José Juliá Marín, y lo era para la fecha en que se alega que ella firmó el supuesto pagaré, careciendo la demandada Ruperta Flores de bienes privativos.

"Que ella firmó el indicado pagaré como fiadora de Gerardo Flores, quiérese decir, sin ser el abono que garantizaba el pagaré para beneficio de la demandada ni la sociedad de gananciales en su matrimonio con el referido José Juliá Marín."

En el juicio hubo testimonio en apoyo de esta alegación. El juez de distrito en su relación de hechos y opinión dijo:

"Es clara la responsabilidad de la demandada Ruperta Flores en esta acción, según resulta de la prueba, y si ella firmó el pagaré careciendo de bienes privativos, no es cuestión que impida el ejercicio de la acción, si bien la sentencia que se dicte no podría obligar a la sociedad de gananciales constituída con su esposo José Juliá Marín. *Hernández* v. *El Registrador,* 22 D.P.R. 642; *Matheu* v. *Murillo,* 25 D.P.R. 329."

Al resolver la apelación anterior, este tribunal también señaló la probable dificultad envuelta en cualquier tentativa que se hiciera para satisfacer la sentencia con bienes privativos. El juez de distrito, sobre la teoría de que carecía de jurisdicción con motivo de aquella apelación, se había negado a considerar una moción parecida para anular el embargo. La moción que ahora pende ante nos fué radicada algún tiempo después de desestimarse la apelación anterior. Esa moción no llegó como una sorpresa para la demandante. En la corte inferior no hubo indicación alguna de sorpresa. La prueba que estableció el carácter prima facie ganancial de los bienes embargados no fué contradicha. No se solicitó tiempo para investigar la posibilidad de descubrir otra evidencia que pudiera o no tender a debilitar el caso prima facie establecido por la demandada. La demandante tuvo amplia

oportunidad para demostrar, si podía, que la propiedad embargada era privativa de la esposa.

El marido era el representante legal de la sociedad de gananciales. También era abogado. Como abogado de la demandada Ruperta Flores él suscribió tanto la contestación como la moción para dejar sin efecto el embargo. Declaró durante el juicio como testigo de defensa, y más particularmente como testigo de su esposa y cliente, en apoyo de la alegación que hemos transcrito de la contestación. Al suscribir y radicar la moción para anular el embargo, él ratificó y aprobó la actuación de su mujer cuando ésta alegó que los bienes raíces embargádosle como privativos eran gananciales. Al comparecer la esposa por su abogado—también marido suyo—y al contestar y solicitar la nulidad del embargo trabado sobre bienes gananciales, el juez de distrito tenía derecho a asumir que ella hizo esto con el consentimiento y la aprobación de su esposo.

No podemos convenir con el criterio de que el embargo de bienes gananciales como privativos de la esposa confería a la demandante derechos de los cuales podía despojársele sin el debido proceso de ley, o en alguna otra forma. Las otras cuestiones aducidas por primera vez en apelación son de procedimiento más bien que jurisdiccionales. La contención del apelante al efecto de que el título de bienes embargados puede determinarse solamente en una acción independiente instituída para ese fin, carece de mérito.

Si el esposo, como representante legal de la sociedad de gananciales, hubiese comparecido y alegado que los bienes embargados pertenecían a la sociedad conyugal en la forma prescrita por la ley para la presentación y resolución de tales reclamaciones, difícilmente podría sostenerse que la corte de distrito hubiera carecido de jurisdicción para resolver la cuestión de dominio. El hecho de que la esposa, representada por su abogado que a la vez era esposo suyo, y con su conocimiento, consentimiento y aprobación implícitos presen-

tara la misma cuestión en forma de una moción para anular el embargo, no privó a la corte de su facultad para decidir la cuestión, no obstante lo irregular del procedimiento adoptado.

Se hizo justicia substancial, sin perjudicar ningún derecho substancial de la demandante. Tenemos todo motivo para creer que si la resolución apelada debiera ser revocada y devolverse el caso, el resultado final sería prácticamente el mismo a que ya se llegó en la corte de distrito. El resultado en la corte inferior fué el acertado. No debe alterarse por fundamentos técnicos sin tomar en consideración los méritos de la cuestión principal resuelta por el juez de distrito.

*La resolución apelada debe ser confirmada.*

El Juez Asociado Señor Aldrey disintió.* El Juez Asociado Señor Córdova Dávila no intervino.