MARÍA PUIG VDA. DE JOSÉ P. CHANDRI, por sí y a nombre de sus menores hijos JOSÉ y MARÍA CHANDRI PUIG, demandantes, apelados y apelantes, *v.* RAMÓN SOTOMAYOR y su esposa CONCEPCIÓN FLORES SOLÁ y JUAN SOLÁ GONZÁLEZ y su esposa MANUELA FLORES SOLÁ, demandados, apelantes y apelados los dos últimos.

No. 6366.—*Sometido:* Abril 11, 1934. *Resuelto:* Septiembre 29, 1934.

*Antonio L. López,* abogado de los apelantes apelados; *González Fagundo & González Jr.,* y *José Puig Morales,* abogados de los apelados y apelantes.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Éste es un pleito ordinario en ejecución de hipoteca. Los demandados, Sotomayor y su esposa Concepción Flores Solá, eran los deudores hipotecarios. Los demandados, Solá González y su esposa Manuela Flores Solá, eran los dueños de la finca al tiempo de la ejecución. Solá presentó moción para que se eliminaran las alegaciones segunda, cuarta, quinta y sexta de la demanda, así como la declaración jurada que la

misma contenía. Se señala como error el haberse declarado sin lugar esta moción.

■■ Las alegaciones en cuestión leían substancialmente así: que Sotomayor se comprometió a mantener la propiedad asegurada contra incendio; que Solá había otorgado una segunda hipoteca a favor de Claudina Valdés Ramírez; que la propiedad fué destruída por un incendio; y que Solá había cobrado el seguro. Los apelantes se conforman con decir que esas alegaciones eran redundantes toda vez que se trata de un pleito en ejecución de una primera hipoteca solamente, y la segunda acreedora hipotecaria no fué hecha parte en el procedimiento. De ordinario el producto de una póliza de seguro contra incendio está sujeto a la hipoteca. Véanse los artículos 110 y 111 de la Ley Hipotecaria. La mera alegación de que la segunda acreedora hipotecaria no fué hecha parte en el procedimiento para ejecutar la primera hipoteca deja de convencernos de que las alegaciones en cuestión no eran o no podían ser pertinentes. Los autos no contienen pliego de excepciones y el error, de haberse cometido, no parece haber sido perjudicial. La cuestión relativa a la suficiencia de la declaración jurada fué resuelta en el caso de *Loíza Sugar Company* v. *Hernaiz et al.,* 32 D.P.R. 903.

■ El segundo señalamiento es que la corte de distrito cometió error al declarar sin lugar la excepción previa presentada por Solá basada en falta de hechos suficientes para determinar una causa de acción. La contención es: (*a*) que la viuda María Puig aparece como única demandante mientras que la demanda demuestra que ella y sus hijos son los herederos del acreedor hipotecario original; y, (*b*) que ella no alega que la hipoteca ha sido inscrita a su nombre.

El primer párrafo de la demanda hace referencia a "la demandante antes nombrada." "La demandante antes nombrada" es "María Puig Vda. de José P. Chandri, por sí y a nombre de sus menores hijos José y María Chandri Puig." La quinta alegación se refiere a Chandri como causante de "esta demandante y sus hijos." La octava alegación contiene

la aseveración de que "la demandante y sus hijos son los únicos y universales herederos del difunto José P. Chandri." En la súplica "la demandante" solicita se efectúe el pago a "esta demandante." Una declaración jurada explica que "la demandante" reside en la ciudad de Nueva York, por lo que no hace este juramento personalmente.

El artículo 56 del Código de Enjuiciamiento Civil dispone: "Cuando un menor, . . . es parte en un litigio, deberá comparecer, bien por medio de su tutor general, o de un defensor nombrado por la corte." El artículo 153 del Código Civil (Edición de 1930) impone a los padres el deber de representar a sus hijos "en el ejercicio de todas las acciones que puedan redundar en su provecho." Los hechos arriba reseñados bastan para distinguir el presente caso de los de *J. Ochoa & Hermano v. J. González Clemente*, 29 D.P.R. 1015; *Nadal v. Registrador de la Propiedad de San Germán*, 32 D.P.R. 115; y *Olivo v. Arriví*, 38 D.P.R. 717.

Debe admitirse que la demanda no es un modelo de una buena alegación. No obstante, es razonablemente aparente, a nuestro juicio, que los verdaderos demandantes, así como las verdaderas partes interesadas, lo son la viuda y los hijos mencionados en el título y en el párrafo octavo de la demanda. El juez de distrito no fué inducido a error por ninguna ambigüedad o duda a este respecto sino que dictó sentencia a favor de "la demandante María Puig viuda de Chandri, por sí y a nombre de sus menores hijos José y María Chandri Puig." La demanda es una relación defectuosa de una buena causa de acción. Véase el caso de *Celestina Abarca Sanfeliz viuda de Gumersindo Suárez v. Bank of Nova Scotia*, 5848, resuelto el 19 de junio de 1934 (46 D.P.R. 931).

La objeción al efecto de que María Puig no alegó que la hipoteca había sido inscrita a su nombre, en tanto en cuanto no ha sido resuelta por el párrafo anterior, no exige seria consideración.

■ La tercera contención de los apelantes (en tanto requiera ser discutida separadamente), es que la corte de distrito

no debió haber dictado sentencia sobre las alegaciones en cuanto a Sosa y su esposa toda vez que en su contestación ellos negaron por falta de información que "la demandante y sus hijos" eran los únicos y universales herederos de su causante José P. Chandri. La demanda estaba jurada. En un *affidavit* unido a la contestación el letrado de los demandados Sosa y su esposa explicaba que si bien Sosa residía dentro del distrito, éstos no podían jurar la alegación porque Sosa se hallaba enfermo y su esposa lo estaba asistiendo. Los demandantes en su moción solicitando sentencia sobre las alegaciones atacaron este *affidavit* como fatalmente defectuoso. Los demandados Sosa y su esposa también dejaron de enmendar su contestación dentro del término concedido luego de declarada con lugar una moción para eliminar ciertas partes de la misma. Los demandantes alegaron en su demanda jurada no sólo que eran los únicos y universales herederos de José P. Chandri sino también que habían sido declarados tales herederos mediante decreto de una corte competente. Admitiendo, para los fines de la argumentación solamente, que la mejor práctica hubiese sido exigir prueba de esta alegación, no hallamos que se cometiera error que dé lugar a la revocación al declararse con lugar la moción de sentencia sobre las alegaciones.

*La sentencia apelada debe ser confirmada.*