SERAFÍN FLORES, demandante y apelante, *v.* ANTONIO SILVA, demandado y apelado.

Núm. 8411.—*Sometido:* Abril 28, 1942. *Resuelto:* Mayo 6, 1942.

*Miranda & Miranda Esteve,* abogados del apelante; *Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR. emitió la opinión del tribunal.

El día 1º. de julio de 1931 el demandante, Serafín Flores, facilitó al demandado, Antonio Silva, en calidad de préstamo, la suma de $3,119.36 con intereses al 9 por ciento anual, habiéndose obligado el demandado a devolver dicha suma al

demandante tan pronto fuera requerido y, no habiéndolo he-
cho, el demandante radicó demanda cobrando la suma prin-
cipal y los intereses desde el año 1936 al 1940 o sea un total
de $4,242.32. Para asegurar la efectividad de la sentencia
que en su día pudiera recaer la Corte de Distrito de San
Juan decretó el embargo de bienes del demandado el que fué
trabado en los siguientes:

"A.—Una finca rústica radicada en el barrio Pueblo Viejo, de
Guaynabo, compuesta de 817 metros con 56 centímetros cuadrados,
sobre la cual hay una casa de vivienda de una planta, un cuarto de
servicio y un garage.
    B.—Un automóvil Pontiac, licencia núm. 9837.
    C.—Una vaca con su cría.
    D.—Una nevera eléctrica."

Solicitó entonces el demandado la exención de dichos bie-
nes del embargo trabado, alegando que los mismos pertene-
cen a la sociedad de gananciales que tiene constituída con su
esposa Ana Santiago desde el día 21 de enero de 1933 pues
fueron adquiridos con posterioridad a dicha fecha y, además,
que la deuda cuyo cobro se interesa en la demanda es una
contraída por el demandado antes de casarse con Ana San-
tiago, no estando por tanto, a cargo de la sociedad de ganan-
ciales el pago de dicha deuda hasta tanto se cumpla con los
requisitos de ley.

Oídas las partes y apreciada la prueba presentada, la
corte inferior dictó resolución declarando con lugar la mo-
ción del demandado, en cuanto a la finca y la becerra, y or-
denó el levantamiento del embargo sobre los mismos. Es
contra esta resolución que el demandante estableció el pre-
sente recurso y alega que la corte inferior erró al resolver
que procedía la moción de exención de embargo por la so-
cidad de gananciales; al resolver que los intereses devenga-
dos por deudas privativas del marido antes del matrimonio y
devengados dentro de éste no son de cargo de dicha socie-
dad y al declarar sin lugar la moción de reconsideración.

██ En cuanto al primer señalamiento bastaría con decir que la cuestión se levanta por primera vez en este recurso sin haberle dado oportunidad a la corte inferior de resolverla, para que desecháramos su consideración, pero, esto no obstante, véase el caso de *Santini Fertilizer Co.* v. *Flores,* 43 D.P.R. 478 en el que se resolvió que: "La contención del apelante al efecto de que el título de bienes embargados puede determinarse solamente en una acción independiente instituída para ese fin, carece de mérito."

██ El segundo y tercer error señalados pueden resolverse conjuntamente pues uno es consecuencia del otro.

La corte inferior después de exponer los hechos alegados en la demanda y de hacer constar que la prueba presentada demostró que el demandado contrajo matrimonio el 21 de enero de 1933 y que la finca embargada fué adquirida por él el día 5 de julio de 1940 y de que no hubo prueba de la fecha en que fuera adquirido el automóvil, la nevera y la vaca, fundamentó su resolución así:

"Dispone nuestro Código Civil en su artículo 1310, que el pago de las deudas contraídas por el marido o la mujer antes del matrimonio no estará a cargo de la sociedad de gananciales, y el artículo 1308 nos dice qué deudas y obligaciones serán de cargo de la referida sociedad, no encontrándose entre las mismas los intereses devengados por las obligaciones personales contraídas por el marido o la mujer antes del matrimonio, y sí los intereses de aquellas obligaciones a que estuvieren afectos los bienes propios de los cónyuges.

"¿Qué beneficio puede reportarle a la sociedad de gananciales el pago de los intereses devengados por una obligación personal contraída por uno de los cónyuges antes de su matrimonio? Ninguno, ya que la sociedad en nada se perjudica o beneficia con tal obligación. No ocurre lo mismo en aquellos casos donde los intereses a pagar son de obligaciones a que estén afectos los bienes propios de los cónyuges, debido a que las rentas que los tales bienes producen son gananciales y la pérdida de los mismos por la falta de pago de los intereses a que estuvieren afectos sería un ingreso menos para dicha sociedad. Si la sociedad de gananciales se beneficia con los ingresos de los tales bienes, nada más lógico y natural que por dicha sociedad se paguen los réditos de las obligaciones a que estén afectos los mismos."

Y al resolver la moción de reconsideración, amplió sus conclusiones diciendo:

"No hay duda alguna de que los $3,119.36 recibidos por el demandado en 1ro. de julio de 1931, año y medio antes de su matrimonio, tienen la condición de bienes muebles; pero ello no implica el que la sociedad de gananciales esté afecta al pago de los intereses de un capital que en nada la beneficia o la ha beneficiado. ¿*Qué prueba hay de que tales bienes fueron aportados al matrimonio?*

"Comentando el inciso 2 del artículo 1408 del Código Civil Español, igual al art. 1308 de nuestro Código Civil, los comentaristas Martínez Ruiz y Maura, en la página 155 del tomo 9 de sus comentarios, dicen lo siguiente:

" 'No ocurre lo propio con el precepto del número 2 del mismo artículo, cuya redacción ha suscitado dudas, no faltando algún comentarista que sostenga que la palabra atrasos, con que dicho número comienza ha sido empleado con error, por no admitir que pueda aludirse a réditos atrasados, cuando precisamente se trata de los devengados durante el matrimonio, de las obligaciones que estuviesen afectos, tanto los bienes propios de cada cónyuge como los gananciales. *Los réditos de estas obligaciones devengados, constante el matrimonio, son cargas de la sociedad legal, porque con tales gravámenes fueron los bienes aportados al matrimonio, y debe satisfacerlos el que percibe los frutos, como baja deducible de ellos.* En cuanto a los atrasos de dichos réditos, no pudiendo referirse el código a los que ya existieran con anterioridad a la aportación, no sólo porque el precepto se refiere a los devengados durante el matrimonio, sino porque el artículo 1410 exime a la sociedad de gananciales del pago de las deudas contraídas por el marido o por la mujer antes de celebrarlo. . ." (Itálicas nuestras.)

"Si los bienes gananciales responden del pago de los intereses de las obligaciones a que estuvieren afectos los bienes propios de los cónyuges, es porque la referida sociedad goza de todos los beneficios de los tales bienes." (Bastardillas nuestras.)

No habiendo el demandante probado que el préstamo que le hizo al demandado un año y medio antes de contraer matrimonio fuera en alguna forma aportado al mismo, somos de opinión que la corte inferior interpretó y aplicó bien el artículo 1308 del Código Civil que dispone lo siguiente:

"Artículo 1308.—Serán de cargo de la sociedad de gananciales:

"1. Todas las deudas y obligaciones contraídas durante el matrimonio por el marido, y también las que contrajere la mujer en los casos en que pueda legalmente obligar a la sociedad.

"2. Los atrasos o réditos devengados durante el matrimonio, *de las obligaciones a que estuviesen afectos así los bienes propios de los cónyuges como los gananciales.*

"3. Las reparaciones menores o de mera conservación hechas durante el matrimonio en los bienes peculiares del marido o de la mujer. Las reparaciones mayores no serán de cargo de la sociedad.

"4. Las reparaciones mayores o menores de los bienes gananciales.

"5. El sostenimiento de la familia y la educación de los hijos comunes y de los legítimos de uno solo de los cónyuges." (Bastardillas nuestras.)

■ La contención del apelante en el sentido de que cualquier cantidad de dinero obtenida en cualquier forma por una persona soltera debe *presumirse* que la aportó al matrimonio como bien privativo, no importa que dicha suma la adquiera uno, cinco o más años antes del matrimonio, es insostenible. Se presume que los bienes adquiridos durante el matrimonio son gananciales, artículo 1307 Código Civil, pero no hay disposición alguna en dicho cuerpo legal que establezca la presunción que alega el demandante y siendo esto así, ¿cómo puede presumirse que una finca con su casa adquirida en el año 1940 o sea siete años después de haber contraído matrimonio el demandado fué adquirida con el importe del préstamo que el demandante le hizo al demandado año y medio antes de casarse?

De haberse probado que el demandado aportó al matrimonio el dinero que tomó a préstamo al demandante, entonces la sociedad de gananciales respondería de los intereses pues se habría beneficiado con el principal, pero a falta de dicha prueba bien claro establece el artículo 1310 del Código Civil que:

"Artículo 1310. El pago de las deudas contraídas por el marido o la mujer antes del matrimonio no estará a cargo de la sociedad de gananciales.

"Tampoco lo estará el de las multas y condenas pecuniarias que se les impusieren.

"Sin embargo, el pago de las deudas contraídas por el marido o la mujer con anterioridad al matrimonio, y el de las multas y condenas que se le impongan, podrá repetirse contra los gananciales después de cubiertas las atenciones que enumera el artículo 1308, si el cónyuge deudor no tuviese capital propio o fuere insuficiente; pero al tiempo de liquidarse la sociedad se le cargará lo satisfecho por los conceptos expresados."

■ De manera que, de acuerdo con el tercer párrafo del artículo 1310, sólo pueden responder los bienes gananciales de las deudas contraídas por los cónyuges antes del matrimonio después de cubiertas las atenciones que enumera el artículo 1308, supra, si el cónyuge deudor no tuviese capital propio o fuera insuficiente. Interpretando este precepto, que bajo el Código Civil de 1902 llevaba el número 1325, se resolvió en el caso de *Hernández* v. *El Registrador,* 19 D. P.R. 274, 276, que los bienes gananciales no pueden ser embargados por deudas de uno de los cónyuges contraídas antes del matrimonio, y se dijo lo siguiente:

"Convenimos, no obstante, con el registrador, en que los bienes de la sociedad de gananciales no pueden quedar afectos al pago de deudas contraídas por uno de los esposos con anterioridad al matrimonio e independientemente de la sociedad conyugal, hasta tanto no sea disuelto el matrimonio ya por muerte de uno de los esposos o por otra causa, o mientras no se establezca el debido procedimiento ante la corte por virtud del cual quede verificada la separación de los referidos bienes o pueden los mismos quedar sujetos al pago de deudas que han sido contraídas individualmente por los esposos, según determina y exige el artículo 1325 del Código Civil. No se ordenará que los mencionados bienes queden de tal modo separados o sujetos al pago de las referidas deudas, según lo determina y exige el artículo 1325, hasta que no se haya probado que el cónyuge deudor no tiene capital propio de qué responder y se hayan cubierto las demás atenciones de dicha sociedad de gananciales."

*Debe desestimarse el recurso y confirmarse la resolución apelada.*