# 95 DTA 53

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I REGION JUDICIAL DE SAN JUAN**

GELASIO VASALLO PEREZ
Demandante-Recurrido

v.

JAVIER MIRANDA CASASNOVAS, Y LA SOCIEDAD DE GANANCIALES CONSTITUIDA CON SU ESPOSA SEÑORA DE MIRANDA, COLEGIO DE ABOGADOS-FONDO DE FIANZA NOTARIAL Y COMPAÑIA DE SEGUROS "X"
Demandados-Peticionaria
(la señora de Miranda)

Núm. KLCE-95-00054

San Juan, Puerto Rico, a 11 de abril de 1995

Panel integrado por su presidenta, Juez López Vilanova,
la Juez Fiol Matta y el Juez Rodríguez Maldonado

Fiol Matta, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

La señora de Miranda, esposa del codemandado Lcdo. Javier Miranda Casasnovas y codemandada a su vez en este caso, nos solicita la revisión de la resolución u orden dictada por el Tribunal de Primera Instancia el 27 de enero de 1995. Esta denegó *"por inmeritoria"* la moción presentada por la codemandada para que se dictara sentencia teniendo a la parte demandante por desistida, con perjuicio, en cuanto a la señora Miranda y a la sociedad legal de gananciales. Se fundamentó dicha moción en que no se había diligenciado su emplazamiento dentro del plazo reglamentario de seis meses dispuesto por la Regla 4.3 (b) de Procedimiento Civil. Previamente, a moción del demandante, el tribunal de instancia había resuelto, en resolución de 18 de enero de 1995, que *"[d]emandada la sociedad de gananciales y emplazado uno de sus miembros un Tribunal [sic] adquiere jurisdicción sobre la sociedad"*.

La solicitud de *certiorari* señala como único error que el foro de instancia *"incidió al declarar sin lugar su moción en la que solicitó sentencia teniendo a la parte demandante por desistida por haber dejado transcurrir más de 6 meses sin emplazar a la compareciente"*. La parte demandante se opuso a la expedición del auto. Alegó que el emplazamiento expedido a nombre de la señora de Javier Miranda Casasnovas, en representación de la sociedad de gananciales constituida con su esposo, se diligenció dentro del término de seis meses

dispuesto en la Regla 4.3 (b), por cuanto se diligenció el 30 de diciembre de 1994, 22 días después de su expedición. Al así hacerlo se cumplió con el plazo más limitado de treinta días dispuesto por el juez en la orden de 6 de diciembre que autorizó dicho emplazamiento.

## II

Los hechos procesales relevantes a la cuestión planteada surgen de los autos. Estos revelan que el 11 de abril de 1994 se presentó demanda sobre daños y perjuicios por impericia profesional contra el licenciado Javier Miranda Casasnovas, su esposa *"Fulana de Tal"* y la sociedad legal de gananciales constituida entre ambos. El 19 de mayo de 1994, casi un mes después y antes de que se diligenciaran los emplazamientos de los codemandados, el demandante presentó demanda enmendada incluyendo como codemandados al Colegio de Abogados-Fianza Notarial y a la Compañía de Seguros *"X"* y solicitó al tribunal la expedición de nuevos emplazamientos para diligenciarlos con la demanda enmendada. En esa ocasión solicitó emplazamientos a nombre del Lcdo. Javier Miranda Casasnovas *"por sí y además en representación de la Sociedad Legal de Gananciales constituida con su esposa, y al Colegio de Abogados de Puerto Rico-Fondo de Fianza Notarial"*▪ No solicitó emplazamiento a nombre de la codemandada esposa del Lcdo. Miranda Casasnovas. El Secretario del tribunal expidió los emplazamientos solicitados el 3 de junio de 1994, fecha a partir de la cual comenzó a transcurrir el término de seis meses dispuesto por la Regla 4.3 (b). Dicho plazo por disposición de ley es de 180 días, por lo cual en el caso de autos expiró el 30 de noviembre de 1994.▪

El 31 de mayo de 1994, el codemandado Lcdo. Miranda, a través de su representación legal, solicitó y obtuvo del abogado del demandante una suspensión de tres meses (hasta el 31 de agosto de 1994) en las gestiones que éste último realizaba para emplazarlo. Según el propio codemandado necesitaba dicho tiempo para *"adelantar diligencias que alegadamente se encontraba realizando para resolver en todo o en parte los problemas que dieron lugar a la reclamación judicial".*▪

El 28 de septiembre de 1994, expirado ya el término de tres meses acordado, el codemandado Miranda compareció ante el tribunal a través de su representación legal y, sometiéndose voluntariamente a la jurisdicción del tribunal, solicitó una prórroga de 90 días (3 meses más) para contestar la demanda enmendada. El demandante no se opuso a dicha solicitud y el tribunal de instancia le concedió al codemandado hasta el 28 de diciembre para presentar su alegación responsiva.

El 28 de noviembre de 1994, dos días antes de vencer el plazo reglamentario de 6 meses para diligenciar los emplazamientos expedidos a nombre del licenciado Miranda por sí y en representación de la sociedad de gananciales constituida con su esposa, el demandante recurrido solicitó la expedición urgente de un emplazamiento a nombre de *"la señora del Lcdo. Javier Miranda Casasnovas, parte indispensable en la demanda por estar como codemandada la sociedad legal de gananciales constituida entre ambos".* En su moción explicó que la Moción de Prórroga presentada por el codemandado Miranda Casasnovas, no especifica si comparece sólo en su carácter personal o como representante de la sociedad de gananciales codemandada, ni si incluía a su esposa. Por ello, además de la expedición de un emplazamiento para la señora del Lcdo. Javier Miranda Casasnovas, solicitó un término de 30 días para diligenciarlo y una prórroga de 30 días para diligenciar el emplazamiento del codemandado Miranda Casasnovas *"en su carácter de representante de la sociedad de gananciales constituida con su esposa, señora de Miranda",* ya expedido desde el 3 de junio de 1994.▪ En orden notificada el 8 de diciembre de 1994, el juez de instancia concedió lo solicitado en la anteriormente descrita moción del 28 de noviembre de 1994.▪ Ese mismo día, 8 de diciembre de 1994, la Secretaría del tribunal expidió el emplazamiento a nombre de *"Señora de Javier Miranda Casasnovas - En representación de la Sociedad Legal de Gananciales constituida con su esposo el Lic. Javier Miranda Casasnovas"* y éste fue

diligenciado el 30 de diciembre, dentro del plazo concedido.█

## III

En este caso se demanda al licenciado Miranda Casasnovas personalmente y a la Sociedad Legal de Gananciales compuesta por él y su esposa. Contra dicha sociedad, entidad separada y distinta de los cónyuges que la componen█ se alegó que *"responde solidariamente de los daños causados a la parte demandante"* por los actos profesionales negligentes, alegadamente realizados por el licenciado Miranda, que le ocasionaron daños a la parte demandante. Por ello, la sociedad de gananciales es una parte indispensable en la presente acción judicial, puesto que la sentencia que en ésta se dicte podría, en su día, afectar el patrimonio de dicha sociedad, bien sea directamente bajo el artículo 1308 del Código Civil (31 L.P.R.A. 3661) o subsidiariamente, previa excusión de bienes, por mandato del artículo 1310 (31 L.P.R.A. 3666).█

El Tribunal Supremo ha aclarado que la responsabilidad civil extracontractual ha de ser personal o de la sociedad legal de gananciales según los hechos que la produzcan. Generalmente, si la gestión o acción de una persona aprovecha económicamente a la masa ganancial, la responsabilidad extracontractual que genere tal acción o gestión será de cargo a la sociedad legal de gananciales. *Orta v. Padilla Ayala,* **92 J.T.S. 69.** Cuando la responsabilidad civil extracontractual es personal de uno de los cónyuges, el Art. 1310 del Código Civil establece una causa de acción subsidiaria contra los bienes de la sociedad legal de gananciales, si el cónyuge deudor o responsable de la obligación carece de bienes privativos. En tal caso, la ley ordena que el pago, la reparación o la indemnización proceda a costa de la sociedad legal de gananciales. *Sociedad de Gananciales v. Pauneto Rivera,* **92 J.T.S. 78**, pág. 9593. Por ello, es aconsejable que cuando se reclame judicialmente el pago de una obligación, deuda o indemnización, el tribunal verifique en el mismo pleito la procedencia jurídica de los bienes y dilucide la posible repetición contra la sociedad conyugal de la cual es parte el deudor u obligado. Ello es consecuencia del deber de lograr *"la solución justa y económica"* de las cuestiones en controversia, a la que alude la Regla 1 de Procedimiento Civil. *Sociedad de Gananciales v. Pauneto Rivera, supra,* págs. 9597-9598.
█

Siendo ello así, debe incluirse a ambos cónyuges como partes y debe servírseles con emplazamientos individuales para eliminar el riesgo de nulidad de la sentencia, ante la posibilidad de que uno de los cónyuges no defienda el interés social con la debida eficacia o que haya incompatibilidad entre los cónyuges respecto a la defensa de su interés dentro de una sociedad que ambos gobiernan con igual autoridad. *Alicea Alvarez v. Valle Bello Inc.,* 111 D.P.R. 847 (1982); *Rodríguez Rodríguez v. Moreno Rodríguez,* **94 J.T.S. 43.** No se trata, sin embargo, de un requisito jurisdiccional, pues con el emplazamiento de uno de los cónyuges coadministradores de la sociedad de gananciales el tribunal adquiere jurisdicción sobre la misma. No obstante, la mejor práctica es incluir a ambos como medida cautelar ante la posibilidad de un conflicto de intereses. *Pauneto v. Nuñez,* 115 D.P.R. 591 (1984).

Resolvemos, pues, que como parte indispensable se podía acumular a la peticionaria en la etapa del pleito en que se hizo, puesto que el tribunal podía adquirir jurisdicción sobre ella y le aseguraba de esa forma la oportunidad de confrontarse con los testigos de la parte actora. *Meléndez Gutiérrez v. E.L.A.,* 113 D.P.R. 811 (1983); *Sucn. Molinary v. Central Los Caños, Inc.,* 54 D.P.R. 847 (1939).

Por el contrario, resalta el hecho de que los emplazamientos originalmente expedidos a nombre del licenciado Miranda no se diligenciaron dentro de los seis meses de su expedición porque éste había acordado con el demandante someterse voluntariamente a la jurisdicción del tribunal, entendiendo de buena fe el demandante que lo haría no sólo en su carácter personal, sino como representante de la Sociedad Legal de Gananciales codemandada. Esta

confusión, así como las conversaciones y acuerdos extrajudiciales que realizó el demandante con el Lcdo. Miranda Casasnovas, constituyeron tanto la justa causa requerida por la Regla 4.3 (b) para la concesión de la prórroga para emplazar al licenciado Miranda como la actividad que justificó que no se desestimara el pleito por abandono y se autorizara el emplazamiento posterior de la señora de Miranda y la sociedad de gananciales. En este contexto, es de aplicación la norma que no favorece la desestimación de un caso, como medio de sanción, sin dilucidar los méritos del mismo, como un medio de sanción . La desestimación es de los últimos recursos que debe utilizar un tribunal para ese propósito, pues es contrario a la política judicial de que los casos se ventilen en sus méritos, que es a su vez, corolario del derecho de las partes a tener su día en corte. *Echevarría Jiménez v. Sucesión Pérez Meri,* 123 D.P.R. 664 (1988).

En el caso de autos, no erró el tribunal al conceder la solicitud del demandante para que se expidiera un emplazamiento a nombre de la peticionaria, aún cuando hubieran transcurrido casi seis meses desde la presentación de la demanda enmendada. La peticionaria no ha demostrado que su emplazamiento en tal momento le ocasionó algún daño. Por otra parte, los autos no demuestran que el demandante haya incurrido en la inactividad que contempla la Regla 39.2 y que podría dar lugar, como sanción, a la desestimación de un pleito con perjuicio.

De acuerdo con lo anterior, resolvemos que no se cometió el error imputado al expedirse y diligenciarse el emplazamiento de la señora de Javier Miranda Casasnovas, en su carácter representativo de la sociedad matrimonial codemandada. Habiéndose emplazado válidamente uno de los cónyuges en su carácter representativo, el tribunal de instancia adquirió jurisdicción sobre la Sociedad de Gananciales codemandada. Consiguientemente, se expide el auto y se confirma la orden recurrida.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 53

1. Recurso de *Certiorari*, Apéndice, pág. 1.

2. El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término solo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio. 32 L.P.R.A. Ap.III R. 4.3 (b).

3. Véase *"Moción Informativa sobre Demanda Enmendada y Solicitud de Expedición de Nuevos Emplazamientos",* Apéndice, Recurso de *Certiorari*, pág. 13.

4. El artículo 8 del Código Civil de Puerto Rico, 31 L.P.R.A. 8, establece el principio de que cuando en las leyes se habla de meses, *"se entenderá que los meses son de treinta días...".* Véase también *Rosario Rodríguez v. E.L.A.,* 122 D.P.R. 554, 556 (1988).

5. Véase Memorando en Oposición a Solicitud de *Certiorari*, pág. 1 y carta del licenciado Luis Barceló Gener, representante legal del demandante, dirigida al Lcdo. José Angel Figueroa, Recurso de *Certiorari*, Apéndice, pág. 42.

6. *"Moción Solicitando Expedición Urgente de Nuevos Emplazamientos",* Recurso de *Certiorari*, Apéndice,

págs. 19-21.

A dicha moción se opuso el co-demandado Miranda alegando que era soltero al momento de los hechos que dieron lugar a la reclamación objeto de la demanda. *Ibid.*, pág. 23.

**7.** En la orden la concesión de treinta días para diligenciar emplazamientos es en plural por lo que sin duda se refiere al emplazamiento de la señora de Miranda Casasnovas y al emplazamiento del Lcdo. Miranda Casasnovas como representantes de la sociedad matrimonial constituida por ambos.

**8.** Recurso de *Certiorari*, Apéndice, págs. 33-34.

**9.** *Cruz Viera v. Registrador*, 118 D.P.R. 911 (1987).

**10.** La Regla 16 de Procedimiento Civil, 32 L.P.R.A. Ap.III R.16 define parte indispensable como aquella que tiene *"un interés común sin cuya presencia no-pueda-adjudicarse la controversia"*. Estas, según dicha disposición procesal, *"se harán partes y se acumularán como demandantes o demandadas según corresponda"*.

El Tribunal Supremo ha aclarado que la Regla 16 debe interpretarse con un enfoque práctico, velando porque se cumpla su propósito de proteger a las personas ausentes de los efectos perjudiciales que pudiera tener la resolución de un caso sin su presencia y evitar la multiplicidad de pleitos mediante un remedio efectivo y completo. *Unysis P.R., Inc. v. Ramallo Brothers Printing, Inc.,* **91 J.T.S. 69**.

**11.** Véase también *Librán v. Hernández*, 18 D.P.R. 1008 (1912); *Flores v. Silva,* 60 D.P.R. 372 (1942); *Lugo Montalvo v. González Mañón,* 104 D.P.R. 372 (1975).

**12.** Prórroga que se solicitó dentro de los seis meses de la expedición del emplazamiento, contrario a lo expresado por la peticionaria y por tanto, en cumplimiento con la Regla 4.3 (b).